ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT 2 5 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS-DIVISION

| | | |
|---|---|---|
| KENDRIX T. RAY,<br>    Defendant-Movant, | § § § § | |
| vs. | § § § | Crim. Case No. 3:06-CR-350-P(11)<br>Civil Case No. _____ |
| UNITED STATES OF AMERICA,<br>    Respondent. | § § § | |

---

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28 U.S.C. § 2255

---

Respectfully submitted,

Kendrix T. Ray
Reg. No. 38541-177
Federal Correctional Inst.
P.O. Box 1500
El Reno, Oklahoma 73036

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS-DIVISION

KENDRIX T. RAY,                          §
    Defendant-Movant,                  §
                                 §
                                 §     Crim. Case No. 3:06-CR-350-P(11)
vs.                                      §     Civil Case No. _____
                                 §
                                 §
UNITED STATES OF AMERICA,                §
      Respondent.                        §

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28 U.S.C. § 2255**

---

      **COMES NOW** Kendrix T. Ray, hereinafter referred to
as ("Defendant") or ("Movant"), proceeding pro per who
moves this Court for a grant to **Vacate, Set-Aside, or
Correct Sentence** pursuant to **Title 28 U.S.C. § 2255**;
and states in support thereof the following:

# I.

## INTRODUCTION

Mr. Ray's offense stems from a three-count Indictment filed November 9, 2006, in the Northern District of Texas, Dallas-Division which named seven (7) co-defendants[1] for the violations of:  Count 1 charged **Conspiracy to Possess With Intent to Distribute and Distribution of a Controlled Substance**, in violation of 21 U.S.C. § 846, as defined in 21 U.S.C. § 841(a)(1) & (b)(1)(A).[2]  Count 2 charged **Conspiracy to Possess With Intent to Distribution of a Controlled Substance**, in violation of 21 U.S.C. § 846, as defined in 21 U.S.C. § 841(a)(1) & (b)(1)(A).[3]

---

1. John W. Toney, Oscar Adaway Jr., Pablo Ernesto Saldana, Othell McClelland, Oliver Baker, and a co-conspirator whose name remained sealed.

2. Count 1 named Toney, Saldana, McAdams, and the sealed defendant with said violations.

3. Count 2 named Toney, Adaway, McClelland, and the sealed defendant with said violation.

Count 3 of the Indictment is a **Forfeiture Allegation**, as defined in 21 U.S.C. § 853(a).[4]

On January 10, 2007, a sealed superseding indictment was filed which included three additions to Count 3 of the Forfeiture Allegation.

In a two-count second superseding indictment filed November 8, 2007, in the Northern District of Texas, Dallas-Division, **Movant** along with four (4) other individuals were charged in a two count Indictment which charged: **Count 1- Conspiracy to Possess With Intent to Distribute and Distribution of a Controlled Substance**, in violation of 21 U.S.C. § 846, as defined in 21 U.S.C. § 841(a)(1) & (b)(1) (A)(ii)(II) & (b)(1)(A)(vii).  **Count 2-** of the second superseding Indictment is a **Forfeitue Allegation**, as defined in 21 U.S.C. 853(a).[5]

---

4.   Count 3 named Toney and McClelland.

5.   Which named Movant, Williams, Byrd, Clark, and the sealed co-defendant with said violations.

3)

## II.

## STATEMENT OF JURISDICTION

This case is submitted to the Honorable United States District Court for the Northern District of Texas, by way of 28 U.S.C. § 2255, to **Vacate, Set-Aside, or Correct Sentence.** Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 2255.

## III.

## AEDPA STATEMENT

The Defendant "Kendrix T. Ray", has filed this Section 2255 Motion on a timely basis in light of **Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub-L 104-132, 110 Stat. 1214, 1220** which creates a "1 year period of limitation" in which to file a **§2255 motion.** The one year period begins at the latest of several specified dates: **1)** "the date on which the judgment of conviction becomes final" on direct appeal; **2)** "the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the Movant was presented from making a motion by such governmental action; **3)** "the date of which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral

4)

rewiew; 4) "the date of which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." **See Clay v. United States, 537 U.S. 522 (2003).**

## IV.

### ISSUES PRESENTED

#### A.
First issue

**Ineffective Assistance of Counsel in the Plea Context**

#### B.
Second Issue

**Ineffective Assistance of Counsel on Appeal**

## V.

### STATEMENT OF THE CASE

On November 8, 2007, in the Northern District of Texas, Dallas Division, Movant was charged in a two-count sealed second superseding Indictment for the violations of:

5)

Count 1 - Conspiracy to Possess With
Intent to Distribute and
Distribution of a Controlled
Substance; in Violation of
21 U.S.C. § 846 as defined
in 21 U.S.C. § 841(a)(1) &
(b)(1)(A)(ii) & (b)(1)(A)(VII).

Count 2 - Forfeiture Allegation, in
Violation of 21 U.S.C. §
853(a).

On February 3, 2009, the second superseding Indictment
was unsealed as to Movant.

Subsequently, on May 6, 2009, Movant was taken before
the Honorable Jorge A. Solis, U.S. District Judge, pursuant
to a written Plea Agreement, pleaded guilty to Count 1 of
the second superseding Indictment.

Thereafter, on December 1, 2010, this Honorable Court
sentenced Movant to **180 months** to be served in the Bureau
of Prison (BOP) to be followed by five (5) years supervised
release.

6)

On October 08, 2011, Movant filed the instant Motion pursuant to **Title 28 United States Code, Section 2255,** to Vacate, Set-Aside, or Correct Sentence.

### STATEMENT OF THE FACTS

At the conclusion of the Sentencing Hearing held on December 1, 2010, Movant unequivocally and explicitly instructed his retained counsel namely "Kelly Pace" (hereafter Mr. Pace) he wanted to appeal the sentence handed down by this Court.   Thereafter, Movant obstinately and tenaciously informed Mr. Pace it was [his] counsel erroneous estimation of the sentence that led him into entering his plea of guilty.

### VI.

### ARGUMENT AND AUTHORITIES

First Issue

**Ineffective Assistance of Counsel in the Plea Context**

7)

## CONSTITUTIONALITY OF THE SIXTH AMENDMENT

The well known standards for ineffective assistance claims were established in 1948 in **Strickland v. Washington, 466 U.S. 668** under **Strickland,** "the defendant must show that Counsel's performance was **deficient.**" Counsel made errors so serios [he] was not functioning as the Counsel guaranteed the defendant by the Sixth Amendment. [6]   In addition the defendant "must show that the deficient prejudice the defense." "Counsel's error were so serious as to deprive the defendant of a fair trial whose result is reliable." For this **prejudice** prong, "the defendant must show that there is a reasonable probability that, but for Counsel's unprofessional errors, the results of the proceedings would have been different." [7]   A reasonable probability is a probability sufficient to undermine confidence in the outcome.   The Sixth Amendment "right to counsel is the right to the effective assistance of counsel," for the reason that counsel plays a role that is critical to the ability of the adversarial system to product just results. **Strickland,** (quoting McMann v. Richardson, 397 U.S. 759 (1970).

---

6)   Id. at 687.


7)   Id. at 691.

In **Strickland**, the Supreme Court offered a non-exhaustive list of the basis duties owed by counsel of the criminal defendant- viz, a duty of loyalty, a duty to keep the defendant informed of important developments in the course of the prosecution, and the "duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process."  The Supreme Court has applied the two prong **Strickland** analysis to ineffective assistance claims arising during the plea process.    See **Hill v. Lockhart**, 474 U.S. 52, 58-59 (1985).  In this context, the prejudice inquiry "focuses on whether Counsel's constitutionally ineffective performance affected the outcome of the plea process."[8]   The Petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In the case sub judice, Movant counsel "Kelly Pace" (Mr. Pace) was not the Counsel guaranteed by the Sixth Amendment.  See **United States v. Wade**, 388 U.S. 218. 224 (1967)(holding a defendant have a Sixth Amendment right to counsel at every "critical stage,"[9]  of the proceedings.

_____

8)  Id. at 59.


9)  Geders v. United States, 425 U.S. 80, 91
    (1967)(holding a defendant's Sixth Amendment Right can be  violated
    by the deprivation of that right at any critical stage of the
    proceeding against him.

All stages after initiation of adversary judicial proceedings are critical ones, see **Moore v. Illinois, 434 U.S. 220, 226**, including the plea process.  See **Hill v. Lockhart, 474 U.S. 52 (1985)**.

In the case at hand, Mr. Pace rendered ineffective assistance of counsel in the plea context for coercing Movant into entering a plea that rested on an erroneous estimation of sentence exposure as propounded by the United States Sentencing Guidelines (U.S.S.G.'s), Section 2D1.1.  Moreover, Mr. Pace advised Movant with the prognostication that [he] faced a sentencing range of **130 to 162 months**.  Mr. Pace went on to plight the fact[,]... the Court could downward depart to **120 months**.  However, Mr. Pace did state: "that there was no guarantee."  See **(App. 1A attached hereto)**.  Consequently, Movant was sentenced to a term of **180 months**.  Therefore, Movant's entry of a Plea of Guilty rested on the sole advice of Mr. Pace, **which at the time of entering said plea led Movant into entering his plea knowingly and voluntarily,** agreeing to this Court inquistions.[10]

---

10)   **The Plea Agreement in this case became invalid due to Mr. Pace erroneous advice which by all means was due to the adulation of the coercion as demonstrated by Mr. Pace erroneous advice.**

**DEFICIENT PERFORMANCE**

To prove deficient performance by counsel, habeas petitioner must demonstrate that Counsel's representation fell below an objective standard of reasonableness. [11] **Wiggins v. Smith, 539 U.S. 510, 521 (2003)**(quoting **Strickland v. Washington, 466 U.S. at 668 (1984)**): See also **United States v. Fields, 565 F.3d 290, 294 (5th Cir. 2009)**; **United States v. Herrera, 412 F.3d 577 (5th Cir. 2005)**.

In the instant case, Mr. Pace representation fell below below an objective standard of reasonableness when he adamantly and sententiously led Movant into entering an invalid plea on the fallacious premises that he would be sentenced to a term of **130 to 162 months,** with the optimistic conclusion that the Court could and normally grants a downward departure to reflect the mandatory minimum of **120 months.** However, Movant proceeded to sentence with felicity only to be defeated with poignant and conundrum that left Movant in a stage of melancholy. The instant matter, is analogous to the case of **United States v. Herrera, 412 F.3d 577 (5th Cir. 2005)**, **Herrera,** filed a

---

11)   Rompilla v. Beard,  125 S.Ct. 2456 (2005)
      (holding reasonableness under prevailing norms).

§ 2255 **motion** pursuant to ineffective assistance of counsel, in the U.S. District Court for the Western District of texas, in which he asserted his counsel was ineffective because he allegedly misrepresented the "maximum exposure" **Herrera** faced under the U.S.S.G.'s. The Fifth Circuit held, Attorney who underestimated client's sentencing exposure by **27 months** performed deficiently because he **did not** provide clients with the information needed to make an informed decision about accepting a plea offer or going to trial.   The Fifth Circuit remanded for an evidentiary hearing on Herrera's IAC claim.[12]

In the case at hand, Mr. Pace performed deficiently mainly for the fact, he **did not** provide Movant with the proper guidelines exposure needed to make an informed decision about accepting the plea or going to trial.   For it was Mr. Pace erroneous estimation of the sentence to be expected that led Movant to acquiesced with the coercing of pleading guilty.

In **United States v. Grammas**, 376 F.3d 433 (5th Cir. **2004**), the Fifth Circuit held, **Grammas** attorney performed deficient where Counsel grossly underestimated defendant's

_____

[12]   **At the District Court level Herrera was granted a Certificate of Appealability.**

sentencing exposure if he were found guilty at trial. [13]
See also **United States v. Handy, 182 Fed. Appx, 341
(5th Cir. 2006)**(unpublished), in which the Fifth Circuit
remanded for an evidentiary hearing to determined if
**Handy** attorneys were ineffective and that they induced
him to plead guilty by **falsely promising** him that he would
receive no more than **13 to 17 years**, when in fact **Handy**
received more than the estimated sentence; see also
**United States v. Davis, 2006 U.S. Dist. Lexis, 30931 (S.D.
Tex., 2006)**, in **Davis** the Court granted an evidentiary
hearing to determine if he was denied effective assistance
of counsel because his counsel underestimated his possible
sentence and failed to advise him about the possibility that
"relevant conduct" could increase his sentence.  At the
evidentiary hearing the district court agreed with the
Second Circuit analysis in **United States v. Gordon, 156
F.3d 376, 381 (2d Cir. 1998)**, which held that the error
in estimation **itself may constitute sufficient objective
evidence** to confirm the defendant's testimony.  **Id. at 381...**

---

13)   Additionally, if defense counsel grossly
      underestimates a defendant's sentencing
      exposure, he breaches his duty to "advise
      his client fully on whether a particular
      plea to a charge appears desirable."
      United States v. Grammas, 376 F.3d 436-37.

(a great disparity between the actual sentencing exposure and the exposure represented by defendant's attorney, when couple with a petitioner's statement concerning his intentions, provides sufficient evidence to support a finding of prejudice).

In the present case, Movant avers, Mr. Pace **did not** inform or advise him of his true sentence exposure, nor did Mr. Pace advocate how relevant conduct pursuant to **§ 1b1.3** of the Guidelines could or in this matter would be attribute to Movant's offense base level (obl) which in turn would increase his sentence exposure.  While Movant asserts, this is not a case of Mr. Pace not making mention of how relevant conduct can be adopted for sentencing pupose. However, this is an issue of **Mr. Pace** not inculcating how relevant conduct lies in the discretion of the district Courts when imposing sentences as it relates to a non-binding plea.  For example, Mr. Pace failed to advise Movant that he could be held accountable for **28 kilograms of cocaine,** which the Court assessed and handed down via relevant conduct. It is hallmark-law that an attorney appraise his client(s) of his true sentence exposure.  For this adversarial process to have any realistic meaning, a criminal defendant must have the effective assistance of counsel.  In other words, Counsel's play a rule that's quintessence to the judicial system.

In **Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995),**

14)

the Court held, appraising a defendant about his exposure
under the sentencing guidelines is necessarily part of the
plea process. A defendant **cannot** make an intelligent choice
about whether to accept a plea offer unless he fully understands
the risks of proceeding to trial.... An attorney fulfills this
obligation by informing the defendant about the relevant
circumstances and the likely consequences of a plea.

In the present, Movant's rationcination for entering his
plea of guilty was due to the advice and profundity of Mr. Pace,
as it **related to Movant being sentence in accordance to the
120 to 130 months as guaranteed by Mr. Pace.** Therefore, in this
event, it can be determined that Mr. Pace was nonfeasance,
and conducted Movant's constitutionals rights pursuant to the
**5th, 6th, and 14th Amendment** in a perfunctory manner, especially
when failing to inform Movant of the sentencing ramifications
of pleading guilty; and how relevant conduct would be relied
on to increase his sentence.

In **United States v. Kimes, 624 F.Supp. 2d 565 (W.D.La.
2009)** (holding counsel was ineffective in failing to advice
**Kimes** of the sentencing ramification of pleading guilty as
opposed to going to trial).

Here, Movant asserts, it's "Ne Plus Utra" as well the
blood-line of accepting a plea to know what the plea connotes
and the sentencing ramification(s) if any. Mr. Pace  failure
to prognosticate these safeguards i.e., measurements, and as
a result rendered ineffective assistance of counsel. [14]

15)

THEREFORE, for the reasons articulated herein, Movant has satisfied the first prong of **Strickland**, for the fact Mr. Pace's performance feel below an objective standard of reasonableness. **Wiggins v. Smith, 539 U.S. 510, 521 (2003).**


## ACTUAL PREJUDICE

**Strickland's** "prejudice" inquiry is process based, given Counsel's deficient performance, Court must determine whether it has confidence in the process afforded the criminally accused. **U.S.C.A. Const. Amend. 6.** "The purpose of the Sixth Amendment guaranteed of Counsel is to ensure that a defendant **has** the assistance necessary to justify reliance on the outcome of the proceeding." **Id. at 691-92.** The prejudice standard is a well rehearsed phrase in the inferior Court's, "the defendant must show that there is a reasonable probability that, but for Counsel's unprofessional errors the results of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine confidence in the outcome. **Cantu v. Thaler,**

---

14)   See United States v. Grammas, 376 F.3d 433 (5th Cir. 2004)(holding defendant was deprived of effective assistance of counsel, stemming from counsel's lack of investigation and lack of the U.S.S.G's).   The Court went on to hold, Counsel must research relevant facts and laws).

632 F.3d 157 (5th Cir. 2011).   To prove prejudice in the
plea context, a defendant must demonstrate that there is
a reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted
on going to trial.   **Hill v. Lockhart, 474 U.S. 52, 56-59
(1985); Mitchell v. United States, 2011 U.S. Dist. Lexis
47801 (N.D. Tex, 2011); Clark v. Thaler, 2011 U.S. Dist.
Lexis (N.D. Tex., 2011).**

In the case at matter, Movant was **prejudice** as a result
of Mr. Pace's failure to properly advise Movant of the
sentencing ramifications as applied to his non-binding plea,
in relation to relevant conduct.   And said "faux pas"
amounted to ineffective assistance of counsel, which
affected the outcome of the plea process. Mainly, for the
fact-- the entry of said plea was surrounded by the coercion
of a promise of **120 to 130** months.   Under all circumstances,
said coercion and promises was the product of misrepresentation.
In addition, Movant avers, he would not have pleaded guilty
and would have insisted on going to trial.   See **United States
v. McDonald, 2011 U.S. App. Lexis 4500 (5th Cir. 2011)**, there
the Fifth Circuit reverse and remanded on the issue of IAC
based on Counsel's erroneous advice, finding, **prejudice** was
established because defendant averred that he pleaded
guilty based on counsel's advice and that he would not have
pleaded guilty and would have insisted on going to trial had
he been **correctly informed.**

In the case at hand, and in light of **Hill v. Lockhart,**
**474 U.S. 52 (1985)** and its antecedent, Movant states for the
record, that he would have insisted on going to trial,
especially when considering the fact that **180** months is
significantly higher than the **120 to 130 month** by a ratio
of **60 to 60 months.** [15] In United States v. Herrera, [16]
**Herrerra** received a sentence "**only**" **27 months higher** than
the maximum estimated by his lawyer. Here, Movant's
sentence is higher than **Herrera's** for Movant received a
sentence "**Only**" **50 to 60 months higher** than the maximum
estimated by Mr. Pace.

**THEREFORE ON THE PREMISES** asserted hereto, Movant has
established **prejudice** due to Mr. Pace's deficient performance
in the plea context which actually prejudiced Movant's
defense pursuant to the **Fifth, Sixth,** and **Fourteenth Amendments.**
See **Strickland v. Washington, 466 U.S. 668 (1984).**

---

15)   See **Glover v. United States, 531 U.S. 198, 203**
      **(2001)(holding any amount of additional jail**
      **time has significance under Strickland.**

16)    412 F.3d 577 (5th Cir. 2005).

18)

Second Issue

## Ineffective Assistance of Counsel on Appeal

In this regard, Movant alleges for the record, after
the Court handed down its sentence he assiduously and
unequivocally informed and instructed Mr. Pace to perfect
an appeal via filing said appeal.  To no avail did Mr. Pace
filed the requested appeal,

## DEFICIENT PERFORMANCE

To prove "deficient performance" by counsel, habeas
petitioner must demonstrate that Counsel's representation
fell below an objective standard of reasonableness.  **United
States v. Culverhouse, 507 F.3d 888 (5th Cir. 2007)**(quoting
**Strickland v. Washington, [supra].**  The polemics
of this argument will be based on the doctrine of **Roe
v. Flores-Ortega, 528 U.S. 470 (2000)**, in **Flores-Ortega**
the Supreme Court held that failure to file a requested
Notice of Appeal (NOA) is per se ineffective assistance of
counsel, with or without a showing that the appeal would
have merit.  **Id. at 483-86.**  When an attorney fails to
file a NOA when requested to do so, then the defendant
need not demonstrate that he would have been able to file
meritorious issues on appeal.  **Id. at 477-78.**  The Court
indicated that it would be unfair to require a litigant

to argue in a § 2255 proceeding that his appeal would have had merit. **Id.** at **486.** Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed.

Salient, after the Court phonated and handed down Movant's sentence, he zealously and pellucidly instructed Mr. Pace to file an appeal.

In **United States v. Tapp, 491 F.3d 263 (5th Cir. 2007),** the Fifth Circuit vacated and remanded  for an evidentiary hearing to determine if **Tapp,** requested his attorney to file a NOA. **Tapp,** also involved a case of **IAC.** The Fifth Circuit has dealt with its fair share of cases dealing with Counsel's not filing an appeal when instructed, see the following cases albeit unpublished. See e.g., **United States v. Thomas, 216 F.3d 1080, 2000 WL 729135 (5th Cir. 2000)(unpublished)(**court abused its discretion in denying § 2255 claim without evidentiary hearing where defendant alleged she requested her attorney to appeal and counsel failed to do so, despite an affidavit from attorney flatly denying the allegation and the court's assessment of Movant's allegations as "conclusory."); **United States v. Taylor, 270 Fed. Appx. 363, 2008 WL 783742 (5th Cir. 2008)(unpublished)(**district court abused its discretion in failing to hold evidentiary hearing to determine whether defense counsel had been instructed to appeal.); **United States v. Sheid, 248 Fed.**

Appx. 543, 2007 WL 2752376 (5th Cir. 2007 (unpublished)
(citing **Tapp, [supra]** and holding that "[b]ecause the
record in the instant case does not conclusively show
whether and when **Sheid** requested that his counsel file
an appeal, an evidentiary hearing is necessary.");
**United States v. Alvarez, 172 Fed. Appx. 587, 2006 WL
775140 (5th Cir. 2006)(unpublished)**(where Movant's **§**
2255 motion swore under penalty of perjury that he had
asked attorney to appeal, the district court abused its
discretion by denying claim without holding an evidentiary
hearing).

In the case at hand, Movant contends, after the Court
enuciated and assessed his sentence, he informed and
instructed his attorney to file an appeal.

In **United States v. Melancon, 972 F.2d 566, 572
(5th Cir. 1992)**(Parker, Judge Robert, concurring)(A
"right **can not come into existence until after the judge
pronounces sentence:  It is only then that the defendant
knows what errors...exist to be appealed, or waived.").**

In the case sub judice, as stated in **Melancon,** Movant
realized at the pronouncement of his sentence, that said
sentence was assessed higher than what Mr. Pace had advised
when negotiating the Plea Agreement, in which Movant
was enthrall with the fact, that the plea was that of
quid pro quo.  That is, he would plead guilty and in
return would receive a sentence of **120 to 130** months.

THEREFORE, for the declarations litigated herein and hereof Movant has satisfied the first component of **Strickland**, for the reason, Mr. Pace performance fell below an objective standard of reasonableness.


## ACTUAL PREJUDICE

In the plea context challenging IAC for counsel not filing a timely NOA, **prejudice** will be presumed and the defendant will be presumed and the defendant will be entitled to file an out-of-time appeal.  See **United States v. Tapp, 491 F.3d 263 (5th Cir. 2007)** (quoting **Roe v. Flores-Ortega, 528 U.S. 470 (2000)**.

In the present case, when relying on **Roe v. Flores Ortega**, there's a reasonable probability that had Mr. Pace filed a timely NOA, Movant would have appealed.  In addition, Movant has satisfied the second component of **Strickland's** prejudice test.


## VOLUNTARINESS OF PLEA

Brady v. United States, 397 U.S. 755 (1970); Boykin v. Alabama, 395 U.S. 238 (1969).

In **Brady v. United States**, 397 U.S. 742, 748 (1970), the U.S. Supreme Court held, a guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of **relevant circumstances** and likely consequences surrounding the plea.

Here, Movant asserts, Mr. Pace failed to inculcate him in regards to how the U.S.S.G.'s would be assessed pursuant to § 1b1.3 (**relevant conduct**). Movant plea of guilty was entered upon the advice of Mr. Pace.... At no time did Movant know that Mr. Pace's conjecture was only subjective. Movant proceeded to plead guilty with the understanding that his sentence would yield a sentence of **120 to 130** months. Therefore, said plea was **not knowingly and voluntarily** entered due to the fallacious advice of Mr. Pace. It is sine qua non when entering a plea for an effective attorney acting in the capacity of and emissary or advocate to explain the ramification(s) of pleading guilty, and how said pleas may comport to other Sections of the U.S.S.G.'s. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently "with **sufficient awareness**" **of the relevant circumstances and likely consequences**, see **United States v. Shaikh**, 2010 U.S. Dist. Lexis 9985 (**N.D. Tex., 2010**)(quoting **Bradshaw v. Stumpf**, 545 U.S. 175, 183 (2005)). Moreover, Movant avers, he was oblivious in regards to the consequences of pleading guilty, and said

plea would or could expose him to Section 1b1.3 as it pertained to the acts of his co-defendant. A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. See **United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997); Smith v. O'Grady, 312 U.S. 329, 334 (1941).** The Fifth Circuit has identified three core concerns in a guilty plea proceeding: **1)** the absence of coercion; **2)** a full understanding of the charges; and **3)** a realistic appreciation of the consequences of the plea. Here, Movant points to the **first** and **third** prongs. Under the first prong, Movant was coerced that if he entered a plea of guilty his sentence would be in the range of **120 to 130** months. In regards to the third prong, Movant was not aware that by pleading guilty this Honorable Court with its judicial capacity could increase his sentence pursuant to the Overacts of his co-defendants pursuant to U.S.S.G.'s **§1b1.3 (relevant conduct).**

In **Boykin v. Alabama, 395 U.S. 238 (1969),** the Supreme Court held, if a defendant's guilty plea is not voluntary and knowingly, it has been obtained in violation of due process and is therefore **void.**

In the case at bar, Mr. Pace advice was that of "faux pas," and if our jurisprudence is to have any realistic and rudimentary meaning, this Court should Vacate Movant's conviction and sentence and commence anew.

## EVIDENTIARY HEARING

The defendant "Kendrix T. Ray," proceeding pro per pursuant to Rule 8 governing Section 2255 proceedings in this Honorable Court to set this case for an evidentiary hearing to resolve the factual disputes raised in his § 2255 pleading which will be pending before this Court in the styled and number cause.

Section 2255 provides that unless the motion and files, and records of the case conclusively show that the defendant is entitled to no relief, the court shall... grant a prompt hearing to determine the issues and make finding of fact and conclusion of law with respect thereto. **United States v. Culverhouse, 507 F.3d 888 (5th Cir. 2007); United States v. Tapp, 491 F.3d 263 (5th Cir. 2007); and United States v. Herrera, 412 F.3d 577 (5th Cir. 2005).**

In amplication of these proceedings, and the rule governing same, the rule provide for an evidentiary hearing to resolve the factual disputes which is true support petitioner's constitutional claims. **United States v. Briggs, 999 F.2d 222 (5th Cir. 1991).**

A criminal defendant entering a guilty plea must do so knowingly, voluntarily, and intelligently. See **Santos-Sanchez v. United States, 548 F.3d 327 (5th Cir. 2008)** (quoting **United States v. Guerra, 94 F.3d 989 (5th Cir. 1996)**). Thus, the defendant must have a full understanding of what the plea connotes and of its consequences. **United States v. Hermandez, 234 F.3d 238, 244 (5th Cir. 2000)** (citing **Boykin v. Alabama, 395 U.S. 238, 234)**. Salient, Movant states, had he known that pleading guilty would allow him to be exposed to relevant conduct that related to his co-defendants he would not have pleaded guilty, but would have insisted on going to trial.

**Finally,** Movant alleges, informing a client of the consequences of entering a plea of guilty, as well the impact that the U.S.S.G's has on a sentence is not only hallmark, but the blood-line of entering a plea of guilty. For our jurisprudence is not that of neolithic beliefs, but is of a Constitutional magnitude with principles and equity as adopted from England.

**THEREFORE ON THE PREMISES** asserted herein and hereof, Mr. Ray's motion pursuant to 28 **U.S.C.** § 2255 should be granted in good faith.

.26)

## CONCLUSION AND PRAYER

The defendant Kendrix T. Ray, prays that this Honorable Court of equity grants the foregoing instrument for the reasons enuciated herein and thereof,... or in the alternative grant an evidentiary hearing to resolve the claims as asserted herein.

Respectfully submitted,

Kendrix T. Ray
Reg. No. 38541-177
Federal Correctional Inst.
P.O. Box 1500
El Reno, Oklahoma 73036

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2011, the foregoing instrument was forwarded to the U.S. Court Clerk at 1100 Commerce Street, room 1452, Dallas, TX 75242, with first class, United States, prepaid postage.

## DECLARATION OF PERJURY

I hereby declare the foregoing is true and correct under the laws of perjury.  28 U.S.C. § 1746.

Respectfully submitted,

*Kendrix Ray*

Kendrix T. Ray, pro se

## Law Offices of R. Kelly Pace

R. Kelly Pace
Board Certified
Criminal Law
Texas Board of Legal Specialization

ATTORNEY AND COUNSELOR AT LAW
435 S. Bois D'Arc
Tyler, Texas 75702
903-526-6777 (Telephone)
903-526-7336 (Facsimile)

Diana Palacios-Martinez**
Legal Assistant
** Se Habla Español

April 23, 2009

Kendrix T. Ray
#38541-177
FCI Seagoville
Federal Correctional Institute
P. O. Box 9000
Seagoville, TX 75159

RE:   USA vs. Kendrix T. Ray
       Case No: 3:06CR350P(11)

Dear Kendrix:

Without any adjustments, if the Relevant Conduct is found to be 4 kilos that would be a Level 30 with 3 points off for Acceptance of Responsibility and would be a guideline range of 130 to 162 months. The Judge could downward depart to 120 months, but there is no guarantee. If the Probation Officer recommends a Level 32 for 5 to 15 kilos, which might happen, then the range is 151 to 188 months.

Please see the attached letter regarding setting up a debrief.

Regardless of the outcome of the guidelines, I can always argue for a Downward Departure. However, the Judge cannot go below 120 months without a Substantial Assistance Motion. If you decide you do not wish to have a meeting, then I need you to inform me so that the AUSA does not arrange one for no purpose.

Again, my only request is that you at least go to an initial debrief and discuss the matter.

Sincerely,

R. Kelly Pace

dpm