IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRIX T. RAY,<br>ID # 38541-177,<br>　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | )<br>)<br>)<br>)　No. 3:11-CV-2866-P<br>)　No. 3:06-CR-350-P(11)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Vacate, Set Aside, or Correct Sentence brought by movant pursuant to 28 U.S.C. § 2255. The respondent is the United States of America ("the government").

### I. BACKGROUND

In a superceding indictment filed on November 8, 2007, the government charged movant and five codefendants with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846. (Indictment, doc. 164).[1] Pursuant to a plea agreement, movant pled guilty on May 6, 2009, to the offense as charged. (docs. 398, 399). On December 1, 2010, a sentencing hearing was held, after which the Court entered judgment against movant and sentenced him to 180 months imprisonment, followed by five years' supervised release. (Judgment, doc. 434).

Movant did not file a direct appeal. On October 25, 2011, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, along with a memorandum and an affidavit in support. Movant asserts that his trial counsel was ineffective for promising him a lower sentence than he received and for failing to file a direct appeal at his instruction. (Mem. at 10-11, 19-21). The

---

[1] Unless otherwise stated, all referenced documents refer to the number assigned in the underlying criminal action.

government filed its response on February 6, 2012, along with a supporting affidavit. Movant filed a reply brief on March 2, 2012.

## II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his two grounds for relief, movant asserts that his trial counsel was ineffective for promising him that he would receive a lower sentence than he received and for failing to file a direct appeal at his instruction.

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 399).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A. <u>**Guilty Plea**</u>

Movant first asserts that his attorney was ineffective by coercing movant into pleading guilty by giving "an erroneous estimation of sentence exposure." (Mem. at 10). Movant asserts that his attorney told him that he faced a sentencing range of 130 to 162 months, with a possibility of a 120-

3

month sentence. *Id.* at 10-11. As support for this assertions, movant has submitted a letter he received from his attorney dated April 23, 2009, which explains that, should the relevant conduct be found to be 4 kilos, and with points off for acceptance of responsibility, the sentencing range would be 130 to 162 months, but if the relevant conduct was found to be 5 to 15 kilograms, *which might happen*, the range would be 151 to 188 months. This letter also states that the judge could downwardly depart and sentence movant to 120 months, *but there is no guarantee.* (Mem. at 30, emphasis added). Movant has also submitted his own sworn affidavit in which he states his attorney advised him that he would receive 120-130 months if he pleaded guilty and, when movant asked him about his letter in which he mentioned a 151 to 188 month range, his attorney told him "not to worry" and that he would be sentenced between 120 to 130 months. A few days later, movant plead guilty. (*See* Affidavit). The record reflects that, at movant's sentencing hearing, after lowering the sentencing guideline range two levels for movant's acceptance of responsibility and granting the government's motion for a two-level downward departure, this Court calculated the sentencing range to be 160 to 210 months, and sentenced movant within that range to 180 months. (doc. 444 at 19, 22, 34).

At his rearraignment hearing, movant testified under oath that he has a twelfth-grade education, that he reads and writes English, and that he had discussed the indictment with his attorney and understood the charges against him. (doc. 441 at 2-3). Movant further testified that he signed the plea agreement and factual resume, that he went over the agreement and resume with his attorney before he signed them, that he understood all of the information in the written plea agreement, including the waiver of the right to appeal in most circumstances, and that all of the stipulated facts contained in the resume are true and correct. *Id.* at 7-8, 10-11. Movant also testified that he understood that he faced a minimum sentence of ten years, that the actual

4

sentencing guideline range had not yet been determined and would not be known until after a presentence report was prepared, that the guidelines are not mandatory, and that if the range was higher than he thought it would be or if he was sentenced to a higher sentence than he thought he would be, he would still be bound by his guilty plea. *Id.* at 9-10. Finally, movant testified that no-one had tried to force or coerce him into pleading guilty and, other than the written plea agreement, no-one had promised him any benefit to plead guilty. *Id.* at 13. The written plea agreement that movant signed, and that was summarized at the rearraignment hearing, specifically states that movant's sentence could be for a period no less than ten years up to life imprisonment, that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case, and that movant understood that the actual sentence imposed, so long as it does not exceed the statutory maximum, is solely in the Court's discretion. (doc. 399 at 2-3).

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Contrary to movant's assertions, the letter counsel sent to movant did not promise him a particular sentence. Instead, it makes clear that, prior to movant's guilty plea, his attorney was providing him with information about possible sentencing scenarios, but was specifically not promising movant any particular sentence. And, indeed, movant was sentenced within one of the ranges that his attorney states in his letter is a possible range of punishment. As to movant's claim in his affidavit that his attorney subsequently told him "not to worry," because he would receive a sentence between 120-130 months, the Fifth Circuit has recognized that a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though this is inconsistent with representations he made in court when entering his plea, if he proves :1) the exact terms of the alleged promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). If a movant produces independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, the sole support for his claim that his attorney promised him a specific sentence to induce him to plead guilty is his own general, self-serving affidavit, not an affidavit from a reliable third party who was witness to the alleged promise. His affidavit is insufficient to warrant an evidentiary hearing on this issue, much less entitle movant to relief.

Movant's sworn testimony at his plea hearing, and his signature on the plea agreement, reflect his understanding that he could be sentenced to any sentence within the minimum and

6

maximum sentences, that his sentence was at the discretion of the Court, that the guidelines were not mandatory, and that he could not withdraw his plea if his sentence was greater than he had hoped. Movant has failed to overcome the presumption of veracity given to his sworn statements in court and the documents he signed, and he has therefore failed to establish that his attorney rendered ineffective assistance of counsel with regard to his guilty plea as to render it an involuntary plea.

**B.      Notice of Appeal**

In his second ground for relief, movant asserts that his attorney was ineffective because he informed his attorney that he wished to file a notice of appeal immediately after he was sentenced, but counsel failed to do so. (Mem. at 20-21). As additional support for this, movant has submitted a sworn affidavit in which he states that, after he was sentenced, he turned to his attorney and instructed him to file appeal, which counsel stated he would, but then did not. ((Affidavit at 2). Along with its response to movant's § 2255 motion, the government submitted a sworn declaration from movant's trial counsel, R. Kelly Pace. In his declaration, Mr. Pace agrees with movant's statement that, after movant was sentenced, he turned to Pace and stated that he wanted to file an appeal. However, Pace goes on to explain that he then pointed out the appeal waiver contained in the plea agreement to movant, marked the relevant portions, and informed movant that, because the sentence did not exceed the statutory maximum, there was no arithmetic error, and no indication that his plea was involuntary and no claim of ineffective assistance of counsel at that time, there was nothing that could be appealed. Pace further explains that he discussed with movant that he could not withdraw his plea and that movant, upon hearing all of this information, informed Pace that he did not wish to appeal and wanted to instead file a Rule 35 motion in the future. Therefore, Pace did not file a notice of appeal because, after this discussion, he believed that movant did not

wish him to do so. Along with his declaration, Pace has submitted a copy of the plea agreement that he showed movant, which has the specific appeal waiver noted with brackets (Response Appendix at 3-4 and Ex. A).

In his reply brief, movant acknowledges the sworn statement made by Mr. Pace, but does not dispute any of the additional information contained in it. Specifically, movant does not dispute that his attorney reminded him of his waiver of appeal, does not dispute that his attorney advised him that there were no appealable issues because of the waiver, and does not dispute that after this conversation he told his attorney that he no longer wished to file a direct appeal. Instead, movant reasserts that he instructed his attorney to file an appeal, points out the counsel's statement is in agreement that movant was concerned with an appeal, and asserts that an evidentiary hearing is warranted because the record outside of Mr. Pace's statement does not conclusively show whether movant requested an appeal. (Reply at 3-5).

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court addressed claims of ineffective of assistance of counsel with regard to the failure to file a direct appeal. The Court first recognized its prior cases which have held that counsel is ineffective when he disregards specific instructions from his client to file a notice of appeal from a criminal conviction and that counsel is not ineffective for failing to file a notice of appeal when his client has specifically told him not to do so. The Court then in *Flores-Ortega* held that, in cases where a client has not clearly conveyed his wishes one way or the other, a reviewing court should first ascertain whether counsel consulted with his client about an appeal by advising him about the advantages and disadvantages of taking an appeal and making a reasonable effort to determine his client's wishes. If counsel has consulted with his client, he performs in a deficient manner only where he fails to follow his client's express instructions with respect to an appeal. *Id.* at 478. Furthermore, counsel has a

constitutionally imposed duty to consult with his client about an appeal in circumstances in which either a rational defendant would want to appeal or where a client has demonstrated a desire to appeal. *Id.* at 480. If an attorney fails to consult with his client, a movant establishes prejudice where it is shown when there is a reasonable probability that, but for the failure of counsel to consult with him, he would have timely appealed. *Id.* at 484.

Subsequent to *Flores-Ortega*, the Fifth Circuit has held counsel is *per se* ineffective for failing to file a notice of appeal when his client requested to file an appeal, even where a defendant has pled guilty pursuant to a plea agreement and waived most of his rights to appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Contested issues cannot be decided on the basis of affidavits alone unless supported by other evidence in the record, *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981), and whether an appeal was requested is a contested issue where a movant alleges in a § 2255 motion that he requested that his attorney file an appeal, and counsel submits an affidavit stating that his client did not make this request. *United States v. Thomas*, 216 F.3d 1080, *1 (5th Cir. May 15, 2000). Furthermore, when a movant alleges in a § 2255 motion that he requested that an appeal be made, and the record does not conclusively show whether and when this request was made, an evidentiary hearing is necessary. *United States v. Sheid*, 248 Fed. Appx. 543, 545 (5th Cir. Sept. 20, 2007).

In the instant case, the parties are in agreement that movant initially informed his attorney that he wanted to file a direct appeal. Therefore, under *Flores-Ortega*, movant's counsel had a constitutional obligation to consult with movant on this issue. Counsel has submitted a sworn statement that he conducted this consultation with movant immediately after movant stated his desire to appeal, and movant does not dispute that this consultation occurred. Therefore, pursuant to *Flores-Ortega*, because counsel consulted with movant, he was deficient under the *Strickland*

only where he fails to follow his client's specific instructions. Counsel explains in his affidavit that, after he consulted with movant, movant stated that he no longer wanted to file an appeal because of the appeal waiver and, therefore, counsel did not file an appeal. Again, movant does not dispute counsel's recounting of events. Therefore, counsel did not perform in a deficient manner with respect to the filing of a notice of appeal.

As to movant's assertion that he is entitled to an evidentiary hearing on this issue, as noted earlier, the Fifth Circuit has held that a hearing must be held where there is a contested issue or where the record does not conclusively show whether and when a movant requested that a notice of appeal be filed. In this case, however, there is no contested issue. Furthermore, the record is clear that movant asked to file an appeal immediately after he was sentenced. Specifically, movant asserts in his affidavit that he asked for counsel to file an appeal right after sentencing, and counsel agrees. Movant, through his reply brief, was given an opportunity to contest counsel's sworn statement that he then counseled movant about an appeal and that movant then declined. Movant did not contest this characterization of events. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Because there is no contested issue, and the record is not in dispute, movant is not entitled to either an evidentiary hearing or relief on this issue.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. In light of the ruling in this case, the court concludes that petitioner has failed to

show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

In the event of a notice of appeal, the court notes that Petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

**SIGNED this 31st day of July, 2012.**

JORGE A. SOLIS
**UNITED STATES DISTRICT JUDGE**

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.